IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH P. ASSENTI, </br></br> Plaintiff, </br></br> vs. </br></br> ANDREW SAUL, </br> *Commissioner of Social Security*, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 20-1379 </br> ) </br> ) </br> ) </br> ) </br> ) |

ORDER

AND NOW, this 17th day of September 2021, the Court, having considered the parties' motions for summary judgment, will order judgment in the Commissioner of Social Security's ("Commissioner") favor, except that the Court will deny the Commissioner's request to have costs taxed against Plaintiff.[1] The Court is satisfied that substantial evidence supports the Commissioner's decision to deny Plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381 *et seq.*, for the entire period of disability alleged. Therefore, affirmance is appropriate. 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).[2]

---

[1] The request for costs is included in the Commissioner's motion for summary judgment but is not subsequently addressed or supported in the brief that accompanied the motion. Accordingly, the Court will deny the Commissioner's motion as to costs without further discussion. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to raise an issue to the Court).

[2] In early 2018, Plaintiff was diagnosed with mouth cancer. (R. 21). He applied for benefits under the Act on March 22, 2018 and alleged disability onset as of December 18, 2017. (R. 15). The Administrative Law Judge ("ALJ") found he was not disabled and denied his benefits applications on October 8, 2019. (R. 24—25). Before the Court, Plaintiff does not

challenge the ALJ's determination in its entirety, rather, he argues that the ALJ failed to consider the possibility of awarding benefits for a closed period of disability that ended seven months before the date of decision. (Doc. No. 20, pgs. 4—5). Plaintiff argues that the record shows he was disabled for at least twelve months—from December 18, 2017 to March 2019—even if his medical improvement thereafter was significant enough that he was no longer disabled. (Doc. No. 20, pg. 5). The Court is unpersuaded of the ALJ's alleged failure. Therefore, the Court will affirm the ALJ's decision.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing 42 U.S.C. § 423(d)(1)(A)). ALJs use a five-step evaluation to assess disability. *Id.* At step one, they ensure a claimant is not engaged in "substantial gainful activity." *Id.* (citing 20 C.F.R. § 404.1520(a)(4)(i)). Next, they evaluate a claimant's medically determinable impairments for severity and duration. *Id.* At step three, they determine whether a claimant's impairments or combination of impairments meet or equal criteria for presumptively disabling impairments that are listed in the regulations at 20 C.F.R. § 404, Subpt. P, App. 1. *Id.* (citing 20 C.F.R. § 404.1520(a)(4)(iii)). If a claimant does not suffer from one of the listed impairments, then the Commissioner determines his or her "residual functional capacity." *Id.* (citing 20 C.F.R. § 404.1520(e)). With the residual functional capacity ("RFC"), the Commissioner determines whether the claimant can return to past work or adjust to other available work. *Id.* at 611—12. Throughout this evaluation, it is claimants who must establish that they are "severely impaired" and that their "severe impairment meets or equals a listed impairment, or that it prevents [them] from performing . . . past work." *Id.* (citing *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983)). When a claimant proves a return to past work is impossible, the burden shifts to the Commissioner to demonstrate the availability of appropriate alternative work. *Id.* at 612.

This Court reviews disability determinations to ensure they are free of legal error and enjoy the support of substantial evidence. *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009). In its review, the Court is attentive to rejected evidence. When an ALJ arrives at a non-disability determination despite evidence in the record that would appear to support a finding of disability, it is important that the ALJ addresses the rejected evidence in the decision. Otherwise a reviewing court "cannot tell if significant probative evidence was not credited or simply ignored." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). An ALJ may not reject relevant evidence for "no reason or for the wrong reason." *Id.* at 706. However, where the Commissioner acknowledges and explains rejected evidence, it is not appropriate for a reviewing court "to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

In this matter, the ALJ went through the five-step evaluation and, at step one, determined that Plaintiff had not engaged in substantial gainful activity since December 18, 2017. (R. 17). Plaintiff's primary medical issue surfaced early in 2018 when, in February, he sought emergency

medical services for a sore under his tongue. (R. 21). A biopsy then revealed that Plaintiff had squamous cell carcinoma. (R. 21). Plaintiff subsequently underwent two surgical procedures in May 2018: first, a feeding tube placement operation; second, "neck dissection, grafting, and excision of the mouth lesion." (R. 21). Plaintiff's recovery included a period of rest at home. (R. 21). His feeding tube was not removed until July 2018. (R. 21). Thereafter, there was no recurrence of the cancer, but his pain persisted and he experienced a limited range of motion of his tongue. (R. 21). Plaintiff's symptoms, including throat pain and drainage, continued into 2019 but pain management was effective and overall improvement continued. (R. 21—22). Considering this history as told by Plaintiff's medical records, subjective complaints, and the medical opinion evidence, the ALJ found Plaintiff retained the capacity to perform a reduced range of medium work all throughout the alleged period of disability, *i.e.*, December 18, 2017 through the date of decision. (R. 20—22). To accommodate Plaintiff's difficulty speaking and side effects from medication, the ALJ prohibited Plaintiff from climbing ladders, ropes, and scaffolds; restricted his exposure to unprotected heights, dangerous machinery, and other workplace hazards; and limited his interpersonal interactions. (R. 20, 22). The ALJ determined that, with that RFC, Plaintiff would be able to work as a hand packager, order picker, or trim assembler and denied disability. (R. 24).

Plaintiff argues the ALJ's decision is deficient because the ALJ failed to consider awarding benefits for "a closed period of disability" from December 18, 2017 to March 2019. (Doc. No. 20, pgs. 4—5). For support, Plaintiff points to Dr. Kareem Lezama's September 2018 evaluation of Plaintiff's employability. Dr. Lezama's evaluation appears on an "Employability Assessment Form" from the Pennsylvania Department of Human Services. (R. 629). The form briefly asks the authoring licensed medical provider to indicate whether he or she believes the individual identified on the form is permanently disabled, temporarily disabled for twelve months or more, temporarily disabled for less than twelve months, or employable; the nature of the individual's primary and secondary diagnoses; and the basis of the assessment (examination, medical records review, etc.). (R. 631). Dr. Lezama indicated that Plaintiff would be temporarily disabled for less than twelve months (September 11, 2018 to March 11, 2019) due to squamous cell carcinoma of the oral cavity and noted that his assessment was based on his review of Plaintiff's medical records. (R. 631). The ALJ found Dr. Lezama's evaluation not persuasive for three reasons. (R. 22). First, the ALJ explained that Dr. Lezama provided no "functional limitations" in the evaluation. (R. 22). Second, Dr. Lezama's evaluation was "of a temporarily [sic] nature," thus "reduc[ing] it[s] relevancy in determining a longitudinal residual functional capacity." (R. 22). Third, Dr. Lezama's evaluation went to the ultimate issue of whether Plaintiff was disabled, a determination that is reserved for the Commissioner. (R. 22).

Plaintiff argues that Dr. Lezama's evaluation demonstrates his disability in the wake of his cancer diagnosis and treatment until March 2019. However, so arguing, Plaintiff largely ignores the ALJ's first and third reasons for dismissing the evaluation. He focuses on the ALJ's second reason for dismissing the evaluation—that it was only temporary in nature—and contends

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 19) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch
United States District Judge

---

that this demonstrates the ALJ failed to consider Dr. Lezama's evaluation toward the possibility of finding a closed period of disability ending in March 2019.  (Doc. No. 20, pg. 6).

The Court is unpersuaded of the alleged error, particularly because the ALJ's first and third reasons for dismissing Dr. Lezama's opinion are sound.  The evaluation lacks a description of any functional limitations that would support Dr. Lezama's finding of temporary disability.  Medical opinion evidence that lacks explanation or support is generally less persuasive.  20 C.F.R. § 416.920c(c)(1).  The ALJ also rejected Dr. Lezama's evaluation because Dr. Lezama opined on the ultimate issue of disability.  As the Commissioner points out, a medical source's statement on whether a claimant is disabled is "inherently neither valuable nor persuasive."  20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3).  Thus, the ALJ's reasons for rejecting Dr. Lezama's evaluation were not "wrong."  *See Cotter*, 642 F.2d at 706.

Further, the ALJ was careful to explain that the RFC determination reflected Plaintiff's work ability throughout the entire relevant time period, dating back to December 18, 2017.  (R. 22).  The ALJ supported the RFC determination by reference to evidence all throughout that period.  For example, the ALJ noted that weeks after surgery, Plaintiff was doing well and was able to have his feeding tube removed in July 2018 because he was not using it.  (R. 21).  The ALJ further noted that pain was ongoing through August and September of 2018, but that Plaintiff was more active and "doing well" in November.  (R. 21 (citing Ex. 16F, 20F)).  The ALJ also found Dr. Fox's review of the evidence in August 2018 "generally persuasive."  (R. 22).  Dr. Fox opined that Plaintiff would "make a satisfactory recovery prior to the end of the 12 month duration period," and found Plaintiff capable of medium-level work.  (R. 68—69, 80).  The ALJ credited Dr. Fox's opinion because of Dr. Fox's familiarity with Social Security Act standards, Dr. Fox's opportunity to review Plaintiff's surgical and post-treatment records, and the opinion's consistency with the other evidence in the record.  (R. 22).  This RFC analysis demonstrates that the ALJ did not err in failing to consider evidence that might have supported a closed period of disability.  *Cf. Townsend v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 553 F. App'x 166, 167 (3d Cir. 2014) (explaining that where a "significant portion" of evidence the ALJ cited in support of the credibility determination fell outside the "relevant closed disability period," it was indicative of the ALJ's failure to adequately consider entitlement to a closed period of disability).  Thus, the Court is satisfied that the ALJ's decision as to Plaintiff's RFC and disability from the alleged onset date to the date of decision is supported by substantial evidence.  Accordingly, the ALJ's decision will be affirmed.

ecf:   Counsel of Record